**Karimullah QURESHI; Zaheed Qureshi; Zarin Karim Qureshi, Petitioners,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

**No. 02–74021.**

**Agency Nos. A75–526–473, A75–526–474, A75–715–255.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2004.

Decided Feb. 4, 2004.

Ahmed M. Abdallah, Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Norah Ascoli Schwarz, Jeffrey J. Bernstein, Jennifer Lightbody, Paul Firoino, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Karimulla Qureshi, Zaheed Qureshi, and Zarin Arshi petition for review from the Board of Immigration Appeals's summary affirmance of an immigration judge ("IJ") decision denying them asylum and withholding of removal. We deny the petition for review.

■ 1. Petitioners failed to exhaust their respective claims under the Convention Against Torture because they did not present the claims to the IJ. *Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999). Petitioners also failed to exhaust their procedural due process claim. *Vargas v. INS*, 831 F.2d 906, 908 (9th Cir.1987).

■ 2. The IJ did not err in denying Zaheed's application as untimely. Applications for asylum must be filed within one year of an applicant's arrival in the United States, or April 1, 1997, whichever is later. 8 C.F.R. § 1208.4(a)(2). She did not do so. The IJ did not err in finding that Karimulla qualified for an exception to the filing deadline because he tendered evidence of changed country conditions that affected his application. 8 C.F.R. § 1208.4(a)(4).

■ 3. We need not determine whether the IJ properly assessed Karimulla's credibility. To be eligible for asylum or withholding of deportation under INA § 243, an applicant must show that the petitioner is unable or unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir. 2003) (citing 8 U.S.C. § 1101(a)(42)(A)); *see also* 8 C.F.R. § 208.13(a). Substantial evidence supports the IJ's conclusion that any persecution that Karimulla suffered was as a result of a business dispute and not because of his political opinion. Thus, he is not entitled to the presumption of a well-founded fear of future persecution. Absent the presumption, the record does not compel the conclusion that Karimulla had established a well-founded fear of future persecution.

■ 4. Even if Zaheed's testimony is credited, substantial evidence supports the IJ's conclusion that Zaheed was not eligi-

---

ble for withholding of removal under INA § 243.

**PETITIONS DENIED.**

---

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.